```
1  McGREGOR W. SCOTT
   United States Attorney
2  MARY L. GRAD
   Assistant U.S. Attorney
3  501 I Street, Ste. 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2763
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. No. S-06-0215 GEB |
| Plaintiff, | APPLICATION FOR ORDER REGARDING CRIMINAL |
| v. | FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY - |
| MIGUEL FELIX MOLINA, JORGE FELIX CASTELLANO, GUADALUPE FELIX CASTELLANO, and ALEJANDRO CASTELLANO, | 18 U.S.C. § 983(a)(3)(B)(ii)(II) |
| Defendants. | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about May 5, 2006, law enforcement officers with the Stockton Police Department ("SPD") executed a State search warrant at a residence located at 3205 Warwick Court in Stockton, California. Law enforcement officers seized the following assets on or about May 5, 2006, during the execution of a State search warrant:

1

| | | |
|---|---|---|
| 1 | a) | Approximately $20,062.05 in U.S. Currency seized on or about May 5, 2006, from the residence located at 3205 Warwick Court, Stockton, CA, and |
| 2 | | |
| 3 | b) | Approximately $12,887.16 in U.S. Currency seized on or about May 5, 2006, from the residence located at 3205 Warwick Court, Stockton, CA. |
| 4 | | |

Hereinafter, the above-referenced assets are collectively referred to as the "seized assets". On or about May 15, 2006, a Judge of the Superior Court in San Joaquin County signed a Request for Order and Order to Release Property, which authorized the release of all property seized to the U.S. Marshall Service for forfeiture proceedings under federal law by the Drug Enforcement Administration ("DEA"). DEA adopted the seized assets for forfeiture on or about May 18, 2006.

In accordance with 18 U.S.C. § 983(a)(1), the DEA sent notice to defendants Miguel Felix Molina, Jorge Felix Castellano, Guadalupe Felix Castellano and Alejandro Castellano of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about August 28, 2006, defendant Jorge Felix Castellano filed a claim contesting the administrative forfeiture of the above seized assets pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment. On October 26, 2006, the Government elected the third option when it filed a Superseding Indictment containing a forfeiture allegation concerning the seized assets.

That Superseding Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute". The applicable forfeiture statute in this case is 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. The Government contends that this provision applies in circumstances where, as here, the Government has already obtained lawful custody of the seized assets pursuant to a State search warrant, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this

Court stating that the United States and its agencies, including DEA and/or the United States Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated: 11/28/06  McGREGOR W. SCOTT
United States Attorney

/s/ Mary L. Grad
MARY L. GRAD
Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the United States Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

///

4

1    a)   Approximately $20,062.05 in U.S. Currency seized on or
          about May 5, 2006, from the residence located at 3205
2         Warwick Court, Stockton, CA, and

3    b)   Approximately $12,887.16 in U.S. Currency seized on or
          about May 5, 2006, from the residence located at 3205
4         Warwick Court, Stockton, CA.

5    IT IS SO ORDERED.

DATED: November 30, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge